## SALE, *Sheriff*, v. SHIPP.

No. 3973.    Opinion Filed October 10, 1916.

(160 Pac. 502.)

1. **SHERIFFS AND CONSTABLES — Liabilities — Wrongful Levy.** An officer who wrongfully levies a writ of attachment upon and sells the separate property of a wife in an action against her husband is guilty of conversion, and is liable therefor, and may be sued and compelled to respond in damages for such conversion.

2. **SAME—Actions—Admissibility of Evidence.** Where a writ of attachment against her husband had been levied upon the property of plaintiff and the sheriff had required the plaintiff in the attachment to indemnify him against loss, and afterwards sold the property, it was not error to permit proof of that fact in an action against the sheriff for the wrongful seizure of plaintiff's property, in which the sheriff denied any participation in the alleged levy and sale.

3. **EXEMPTIONS—Enforcement of Right—Duty of Officer.** It is no part of the duty of an officer levying a writ to select and set apart the property exempt to the judgment debtor or his family.

4. **SAME—Notice to Levying Officer.** Where the wife of defendant in a writ of attachment desires to claim as exempt to the family any portion of the property levied upon, it is her duty to inform the officer holding the process of the particular property claimed as exempt.

5.    **TROVER AND CONVERSION—Elements—Demand.** In a suit for conversion, where the original taking was wrongful and the property was wrongfully detained at the time of the suit, no other demand is necessary.

6.    **SHERIFFS AND CONSTABLES—Liabilities—Sale of Exempt Property.** An action for conversion will not lie to recover damages for the sale of exempt property by an officer under process, unless said property is claimed as exempt and notice of such claim is given to the officer in seasonable time.

7.    **SAME—Exemplary Damages.** Where an officer broke into plaintiff's house, while she was absent in the neighborhood picking cotton, and under a writ of attachment against the property of her husband, and removed everything therein, including all the furniture and household supplies, personal wearing apparel of plaintiff and other members of her family, including a bundle of clothes and shoes belonging to her dead baby, and all of plaintiff's separate property, and removed all the chickens on the place, the jury were justified in awarding plaintiff exemplary damages against said officer for his wrongful act.

(Syllabus by the Court.)

*Error from District Court, Cleveland County;*
*R. McMillan, Judge.*

Action by Lucinda Shipp, against I. B. Sale, sheriff of Cleveland county. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

*Ben F. Williams, Jr.,* and *Hutchin & Burke,* for plaintiff in error.

*Rennie, Hocker & Moore* and *J. B. Dudley,* for defendant in error.

HARDY, J. Lucinda Shipp sued I. B. Sale, sheriff, and J. E. Wheeler, as deputy, joining the sureties upon the sheriff's bond, for the conversion of certain personal property. Trial resulted in a verdict and judgment for plaintiff against Sale and Wheeler, she having dismissed as to the sureties.

The defendant Wheeler, who held a special commission under defendant Sale as a deputy for special work in

enforcing the prohibitory laws, had seized said property under an attachment as the property of the husband of plaintiff. Defendant Sale knew the attachment had been levied by Wheeler, claiming to act as his deputy, and thereafter required the plaintiff in the attachment to indemnify him from loss on account thereof, and later directed a regular deputy by the name of Higbee to sell the property, which was done, and the proceeds applied to the satisfaction of the debts of plaintiff's husband. Plaintiff brought suit for conversion of said property before judgment in the attachment suit and before the sale thereof, claiming title in herself, and in addition claiming the property as exempt to the family. The case was submitted to a jury, and a verdict returned in her favor. These facts make out a clear case of conversion as to that portion of the property owned by plaintiff, and under the facts stated the defendant Wheeler, who made the actual seizure, and the sheriff, who made the sale through his regular deputy, are both liable to the plaintiff. *Stump v. Porter,* 31 Okla. 157, 120 Pac. 639.

At the trial the court permitted plaintiff to show that defendant Sale had required the plaintiff in the attachment suit to indemnify him against loss by reason of the attachment, and error is urged upon this action of the court. No authorities are cited in support of this contention. Defendant Sale denied liability, and denied by his pleadings any participation in the alleged sale, and it was competent to show that, with knowledge of the levy and of the plaintiff's claim, said defendant required the execution of said bond to save himself harmless, and then proceeded with the sale.

In his instructions the court told the jury that it was not necessary for plaintiff to hunt up the officer making the

levy and claim the property, or any part of it, as exempt, but that it was the duty of the officer, at the time he seized the property, to ascertain whether or not the same was exempt to the plaintiff, and the fact that she failed to claim her exemptions, or make a demand for the return of the property, would not waive or forfeit her right to claim said property at the time of the trial. The giving of this instruction was error. In *Parsons v. Evans,* 44 Okla. 751, 145 Pac. 1122, L. R. A. 1915D, 381, it was said:

"Under the statutes in this state, it is no part of the duty, nor is it the right, of an officer holding an execution, to select and set apart the judgment debtor's exempt property. Neither is it his duty to advise him as to his right to certain exemptions. The right to claim and select exempt property rests wholly with, and can be exercised only by, the judgment debtor."

The second paragraph of the syllabus in that case is as follows:

"Where a judgment defendant, having more property of a certain class than is exempt by statute, desires to claim his exemptions out of the whole, it is his duty to properly inform the officer, holding process, of the particular property selected and claimed as exempt from levy."

In *Binion et al. v. Lyle,* 28 Okla. 430, 114 Pac. 618, it was held:

"Where personal property reserved to the family by an act amending section 1, c. 34, Rev. Stat. 1893 (Sess. Laws Okla. 1905, c. 18, sec. 1), is attached and sold by the sheriff for debt of the husband, held that, he failing so to do, the wife may claim the same as exempt and sue for a conversion thereof."

The plaintiff, her husband failing to do so, had the right to claim such property as exempt, and it was her duty to present said claim to the officer making the levy.

It was not his duty to set aside such property, nor to inform her of her rights in the premises according to the holding of the case above cited, and, having failed to make such claim in due time, she cannot maintain an action for the conversion of that portion of the property. which she claims in this action as exempt. Waples, Homestead & Exemptions, 882. Had she made such claim, the officer would have been under obligations to' set the same aside to her. The possession of the officer being lawful in the first instance by reason of the levy, conversion will not lie for the sale thereof until after demand therefor and refusal to deliver same. *Phelps, Dodge & Palmer Co. v. Halsell et al.,* 11 Okla. 1, 65 Pac. 340; *Bank of Commerce v. Gaskill,* 44 Okla. 728, 145 Pac. 1132.

It is urged that under the facts of this case the jury were not authorized to award exemplary damages. The verdict was for $200 actual, and $200 exemplary, damages. Section 2851, Rev. Laws 1910, is as follows:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by or accompanied with some evil intent, or must be the result of such gross negligence—such disregard of another's rights—as is deemed equivalent to such intent. *Western Union Tel. Co. v. Reeves,* 34 Okla. 469, 126 Pac. 216; *Ft. S. & W. Ry.*

*Co. v. Ford,* 34 Okla. 576, 126 Pac. 745, 41 L. R. A. (N. S.) 745.

The admitted facts show that defendant Wheeler, while plaintiff was absent from home picking cotton, broke open the house in which she was living and removed everything therein, including all the furniture and household supplies, personal wearing apparel of plaintiff and other members of her family, including a bundle of clothes and shoes belonging to her dead baby, and all the chickens on the place were seized and removed. Defendant Sale, while not personally participating in the seizure and removal of the property, was fully informed thereof, and ratified the same by taking an indemnifying bond and instructing his deputy Highbee to retain possession under the writ and sell the property. The writ was against the husband of plaintiff, and when the officer levied upon the wearing apparel of plaintiff and other members of the family and seized her separate property he exhibited a gross disregard of her rights and of his authority under the writ which he held, and the jury were justified in finding the writ was executed under circumstances that amounted to oppression.

The instruction submitting the question of exemplary damages to the jury is said to be erroneous because the court told the jury, in effect, that this was a case where they could allow exemplary damages, thereby expressing an opinion upon the facts. The language complained of told them, in effect, that they were authorized, if they thought proper, under the evidence, in addition to actual damages, if any, to allow plaintiff a further sum as exemplary, or smart-money, damages, etc. There is no merit in this contention. The language complained of clearly left it to the jury to determine whether the plaintiff should

recover exemplary damages, and was by no means an expression by the court of an opinion upon the evidence.

As to that portion of the property claimed and shown by the evidence to be her personal property, no demand for return thereof was necessary. In a suit for conversion, where the original taking was wrongful and the property is wrongfully detained at the time of the suit, no other demand is necessary. The wrongful taking and conversion is an assertion of ownership. *Bank of Commerce v. Gaskill,* 44 Okla. 728, 145 Pac. 1132; *Bilby v. Jones,* 39 Okla. 613, 136 Pac. 414.

The evidence does not clearly distinguish between the property owned by plaintiff in her own right and that claimed by her as exempt; and, as we are unable to separate these items and determine the amount which plaintiff was rightfully entitled to recover, the case is reversed and remanded for a new trial.

All the Justices concur, except KANE, C. J., absent.