### HASKELL NAT. BANK v. STEWART et al.

No. 9248—Opinion Filed Oct. 7, 1919.

(Syllabus by the Court.)

1. **Appeal and Error—Remittitur on Appeal —Judgment.**

In an action for conversion of property when plaintiff recovers judgment, and on appeal the only assignment of error upon the question of the conversion of the property is that the verdict of the jury, and judgment rendered thereon, in the sum of $394, is excessive, because the uncontradicted evidence discloses the value of the property was only $357, and the plaintiff admits that the verdict is excessive in the sum of $37, and offers to remit said amount, the judgment will be modified to that extent and affirmed, following the rule announced in the case of Mullen v. Robinson, 30 Okla. 527, 120 Pac. 1099.

## 2. Damages—Exemplary Damages—Gross Negligence.

To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by or accompanied with some evil intent, or must be the result of such gross negligence—such disregard of another's rights—as is deemed equivalent to such intent.

## 3. Same—Evidence—Sufficiency.

The record examined, and held there was no evidence introduced to support a plea for exemplary damages, or justify the submission of the question of exemplary damages to the jury.

## 4. Judgment — Excessive Verdict — Remittitur.

Where a verdict in a damage suit itemizes the damages allowed, and some of the amounts are not justified under any view of the evidence, but the other amounts allowed seem to have been proper, the court being able to separate the legal from the illegal allowances, plaintiff will be offered the right to remit the amount he is not entitled to receive.

Error from District Court, Muskogee County; R. P. de Graffenried, Judge.

Action of conversion by Missouri Stewart and another against the Haskell National Bank of Haskell. From judgment for plaintiffs, the defendant brings error. Modified and affirmed.

Snider, Shipley & Gumm, for plaintiff in error.

Myron White and Ed Hirsh, for defendants in error.

McNEILL, J. This action was commenced in the district court of Muskogee county by Missouri Stewart against the Haskell National Bank of Haskell to recover the value of certain property claimed to have been converted by the Haskell National Bank, alleging said property to be of the value of $394, and for $1,500 for the wrongful detention of said property, and $1,000 exemplary damages. The bank filed its answer setting out that it had possession of all of said property except four hogs; that it had taken possession of the property in accordance with the terms of two chattel mortgages executed by John Stewart, the husband of the plaintiff herein, to secure an indebtedness of approximately $600 and upon which said John Stewart had made default. The jury returned a verdict for $394, the value of the property, and $395 as exemplary damages. From said judgment in favor of the plaintiff the defendant appeals.

The first assignment of error relied on is that the verdict for $394 as being the value of property is excessive. Missouri Stewart, who testified as to the value of the property, enumerated the property taken and fixed the aggregate value at $357. Plaintiff in error alleges that this is the only evidence offered as to the value of the property. The defendant in error concedes this point and admits the verdict is excessive in the sum of $37, and therefore offers to remit said amount, and then asks to have said judgment affirmed for the $357, being the value of the property as shown by the uncontradicted evidence. This meets the contention that the verdict is excessive, and as this is the only error complained of, as to this portion of the judgment the same will be modified to this extent.

The next assignment of error, relied upon, is that the court instructed the jury upon the question of exemplary damages. To the giving of said instruction, the defendant excepted. There is no contention that the instruction did not correctly state the law, but it is contended there was no evidence authorizing such instruction, and therefore it was error to submit the question of exemplary damages to the jury.

The facts as disclosed by the record are that Missouri Stewart had been married prior to her marriage to John Stewart, and she claimed a certain portion of this property was the increase of property inherited from her first husband, and that part had been purchased by her since her marriage to John Stewart. She was married to John Stewart, and she and her children lived with him for practically six years, and farmed together. The evidence further disclosed that in the year 1912, the defendant John Stewart had mortgaged a portion of this property to the International Bank—the location of the bank is not disclosed, but presumably at Haskell. Thereafter in the spring of 1915, the Bank of Haskell paid off the mortgage to the International Bank and took a mortgage upon the same property, and some additional property, to secure certain indebtedness, amounting to about six hundred dollars.

In the fall of 1915, it appears, John Stewart absconded. Evidence was introduced on behalf of the bank to the effect that prior to the time the mortgages were taken from John Stewart, the agent of the bank went to the premises, examined the property which the mortgages were to cover, and that the plaintiff Missouri Stewart was present and that she made no objection to the property being included in the mortgages, nor did she claim that she owned the same. All of this, she denied.

The uncontradicted evidence is, that after

the note and mortgage were due, some one representing the bank went to the place where the property was kept, that the plaintiff was not at home, but was in Muskogee attending a law suit, and said agent took possession of all of the property covered by the mortgage, that was at the home at the time, the plaintiff having a team at Muskogee. The agent of the bank returned to the home the next day, the plaintiff having again gone from home, and took possession of the two horses which the plaintiff had driven to Muskogee the day before. There was no one present in charge of 'the stock, except some children. Nothing was done by the plaintiff immediately. A few days later, she went to the bank and demanded the property belonging to her, and the bank refused. This was the only evidence on this point introduced in the case. There is no evidence in the record that the bank had knowledge that the wife was claiming the property, prior to the bank taking possession thereof. There was no contention that the property taken was not all included in the mortgage of the bank, executed by the husband of the plaintiff. The question presented is, was there any evidence to authorize an instruction or submitting the question of exemplary damages to the jury?

The question of awarding exemplary damages is controlled by statute. Section 2851, Rev. Laws 1910. What facts are necessary to be proved in order that exemplary damages may be awarded was stated by this court in the case of Sale, Sheriff, v. Shipp, 58 Okla. 598, 160 Pac. 502, the court announcing the following rule:

"To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by or accompanied with some evil intent, or must be the result of such gross negligence— such disregard to another's right—as is deemed equivalent to such intent."

This rule is also announced in the case of Western Union Tel. Co., v. Reeves, 34 Okla. 469, 126 Pac. 216; Ft. 'S. & W. Ry. Co. v. Ford, 34 Okla. 576, 126 Pac. 745, 41 L. R. A. (N. S.) 745.

This court in the case of Waggoner v. Koon, 67 Oklahoma, 168 Pac. 217, has defined the right of the mortgagee in obtaining possession of the property as follows:

"The only restrictions upon the mode by which the mortgagee secures possession of the mortgaged property, after breach of condition, is that he must act in an orderly manner and without creating a breach of the peace, and must not intimidate by securing the aid of an officer, who pretends to act colore officii."

There was no evidence introduced to authorize an instruction on exemplary damages, and submitting such question to the jury was error.

In the case of St. L. & S. F. R. Co. v. Good, 42 Okla. 785, 142 Pac. 1185, this court said:

"Where a verdict in a damage suit itemizes the damages allowed, and some of the amounts are not justified under any view of the evidence, but the other amounts allowed seem to have been proper, the court being able to separate the legal from the illegal allowance, plaintiff will be offered the right to remit the amount he is not entitled to receive."

Following this rule, we therefore conclude that if within fifteen days from the rendition hereof, the defendant in error shall file with the clerk of this court a remittitur in the sum of $395 to cover the award for the exemplary damages, the judgment as to $357 with interest from December 14, 1916, at six per cent. will be in all things affirmed. If the remittitur is not made within fifteen days, the case to stand reversed and remanded for new trial.

OWEN, C. J., and RAINEY, KANE, JOHNSON, PITCHFORD, and HIGGINS, JJ., concur.