## WICHITA MILL & ELEVATOR CO. v. NATIONAL BANK OF COMMERCE.

No. 13675—Opinion Filed April 1, 1924.

Rehearing Denied June 17, 1924.

(Syllabus.)

1. **Chattel Mortgages—Nature of Lien— Second Mortgages.**

In this state a chattel mortgage does not convey title to the property, but only creates a lien thereon. The owner of property may execute a mortgage on property on which there is a first mortgage, and the second mortgage acquires a valid lien, subject to the lien of the first mortgage, which lien continues, unless waived, until the debt, which it secures, is paid or until the first mortgage is foreclosed according to law.

2. **Same—Sale by Mortgagor Without Consent of Second Mortgagee.**

A sale by the mortgagor, with the consent

of the first mortgagee, but without the consent of the second mortgagee, and without notice to him, did not foreclose the lien of the second mortgage, although the sale was for the full value of the property.

**3. Same—Action by Mortgagee Against Purchaser for Conversion.**

A purchaser of mortgaged chattels, by a person having notice, either actual or constructive, of the mortgage of plaintiff, from the mortgagor, with the consent of the holder of the first mortgage, takes the same subject to plaintiff's mortgage. After default, the plaintiff was entitled to maintain an action against the purchaser for the wrongful conversion of the chattels purchased by him.

**4. Evidence—Proof of Market Value—Sale Price.**

Evidence of what an article sold for in a bona fide sale is relevant to prove value, and may be taken as sufficient to establish the market value, in the absence of other evidence.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by the National Bank of Commerce of Frederick against the Wichita Mill & Elevator Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. P. Mounts, for plaintiff in error.

Wilson & Roe, for defendant in error.

COCHRAN, J. This action was brought by the defendant in error to recover damages from the plaintiff in error for the conversion of certain wheat, upon which the defendant in error had a mortgage. The parties will be referred to herein as plaintiff and defendant, as they appeared in the trial court. On December 4, 1920, J. M. Masoner, executed a mortgage to the plaintiff on 300 acres of wheat growing on land belonging to Ivan Oxford. Oxford, as landlord, was entitled to one-third of the wheat grown by Masoner on the land belonging to Oxford, and had a landlord's lien on the crop to secure the rent. Oxford was also the owner of a chattel mortgage on the interest of Masoner in the wheat, which was prior to the mortgage of the plaintiff. On July 8, 1921, Masoner, with the consent of Oxford, sold the wheat to the defendant. Prior to the payment of the purchase price of the wheat, the plaintiff notified the defendant of its mortgage and that it would be held liable for the amount thereof. The defendant refused to settle with plaintiff for its mortgage and insisted that it had purchased the wheat from the person entitled to sell it, and had paid therefor when the plaintiff instituted this suit. Judgment was rendered for the plaintiff, and the defendant has appealed.

The defendant contends that the mortgagor with the consent of the prior mortgagee, Oxford, had a right to sell the property, and the defendant, having purchased the same and paid the entire purchase price to the party entitled to receive the same, was not guilty of conversion. In this state a chattel mortgage does not convey the title to the mortgaged property, but only creates a lien thereon. Litz v. Exchange Bank, 15 Okla. 564, 83 Pac. 790; Nicholson v. Bynum, 62 Okla. 167, 162 Pac. 740. Since the title to the mortgaged property remained in the mortgagor, the plaintiff acquired a valid lien under the mortgage executed to it, subject only to the lien of Oxford. The lien of the plaintiff, unless waived, continued until the debt, which it secured, was paid, or until the first mortgage was foreclosed according to law. A sale by the mortgagor with the consent of the first mortgagee without the consent of the second mortgagee, and without notice to him, did not foreclose the lien of the second mortgage, although the sale was for the full value of the property. In 11 C. J. 706, we find the following statement:

"Except in those jurisdictions in which the mortgage vests legal title in the mortgagee, a sale by a mortgagor of chattels, in whom is the legal title, with the consent of the first mortgagee without notice to subordinate lienholders, does not foreclose their liens, although the sale is made for the full value of the property, and the proceeds are applied to the payment of the debt secured by the first lien."

In the instant case, the defendant, having purchased the wheat from the mortgagor with the consent of the first mortgagee, and with notice, either actual or constructive, of the mortgage of the plaintiff, acquired only the interest of the mortgagor and first mortgagee, and held the wheat subject to the plaintiff's mortgage. After default, the plaintiff was entitled to maintain an action against the purchaser for the wrongful conversion of the property purchased by him.

The defendant contends that the court erred in directing the verdict for the plaintiff, because the defendant was entitled to have the jury pass on the question of the amount of damages sustained by the plaintiff; that the vital question for determination was the value of the property at the date of the conversion and that was a question of fact to be determined by the jury. The only evidence introduced in the case as to the value of the wheat was the amount which was paid by the defendant therefor, and this was accepted by the court as the market value of the same at the date of the conversion. Since there was no conflict in the evidence in this regard, or on any other

question involved in the case, there was no question of the fact to be determined by the jury, and the court properly instructed a verdict. The defendant contends, however, that the testimony as to the amount paid by defendant for the wheat was not admissible to prove the market value of the wheat, and there was no competent evidence as to the market value of the same, and, for that reason, it was error to instruct the verdict for the plaintiff. Evidence of the amount for which the wheat sold was admissible as tending to prove its value, and was sufficient to establish the market value in the absence of other evidence. 22 C. J. 141; Guthrie Mill & Elevator Co. v. Thompson, 89 Okla. 173, 214 Pac. 716.

It is our opinion that the judgment should be affirmed, and it is so ordered.

JOHNSON, C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.