## BURT CORPORATION et al. v. CRUTCHFIELD.

No. 20489. Opinion Filed Nov. 3, 1931.

CLARK, V. C. J. This action was commenced in the district court of Tulsa county by defendant in error herein, against the plaintiffs in error, for damages resulting in injuries to the plaintiff and damage to his automobile by reason of a collision. The parties will be referred to as they appeared in the trial court.

The plaintiff, for his first cause of action, alleged that he was driving a Ford touring automobile, of which he was the owner, in a southwesterly direction on highway No. 66. That defendant John J. Daley was at said time in the employ of the codefendant, the Burt Corporation, and was engaged in the performance of his duty as such employee for and on behalf of his employer. The defendant the Burt Corporation was the owner of a Studebaker Big 6 automobile, which was being driven by the employee, John J. Daley, in a northeasterly direction at the time of the collision. That the plaintiff's automobile was struck by the said automobile of the defendant, the Burt Corporation, driven by its said employee, John J. Daley. That as a result of said collision, plaintiff's automobile was thrown violently from said highway, a distance of 45 feet. That plaintiff was crushed and sustained serious and permanent injuries, as set out in said petition.

That plaintiff further alleged that said collision was caused by the negligence and want of care of the defendants. That the highway where the accident occurred runs in a northeasterly and southwesterly direction. That plaintiff, at the time of said collision, was driving not more than 20 miles per hour, at the extreme right-hand side of the right of way. That defendant was driving in a northeasterly direction, at a rapid, dangerous, unlawful, and wreckless rate of speed, at approximately 50 miles per hour. That there was an automobile headed northeast, parked on the right-hand side of the road. That the left rear wheel and fender of said parked automobile extended a few inches over the hard surface road. The remainder of said car was parked on the dirt parking. That the collision occurred at a little after six o'clock in the evening; the weather cloudy and damp, the roads wet, and the weather required at least ordinary, if not more than ordinary, precaution by the drivers of automobiles to prevent accidents.

And set out alleged acts of defendant Daley that caused the collision.

Edward P. Marshall, Bird McGuire, and F. A. Bodovitz, for plaintiffs in error.

Eldon J. Dick and L. E. Bellamy, for defendant in error.

And alleged that defendants are guilty of negligence:

"(1) In driving car upon the highway and in operating said car at a high, danger-

ous, and unlawful rate of speed at approximately 50 miles per hour, and in failing to drive said car in a careful and prudent manner; and having disregard for the traffic and use of the highway and disregarding the safety of property and drivers of other vehicles.

"(2) In approaching said automobile parked on the side of the road without having his car under control.

"(3) In passing the parked car in driving to the left of said road for more than was necessary and in not returning to the right side of the road immediately after passing the parked car.

"(4) Driving at the careless and unlawful rate of speed on the approach of darkness and upon the wet highway.

"(5) Driving against the automobile of plaintiff, which defendant, by the exercise of ordinary and reasonable care, could have avoided.

"(6) In violating the rules of the road as prescribed by the laws of Oklahoma in not keeping to the right-hand side of the road except in passing automobiles and then immediately returning to the right-hand side after passing car and not keeping his car under control.

"(7) In violating the laws of Oklahoma, regulating the speed of automobiles to 35 miles per hour."

Plaintiff further alleged that he was driving his car with due care and that the collision and injuries were proximately caused by, and due to the negligence and want of care of the defendants as set out in the petition.

Plaintiff prayed for damages for $21,000. For his second cause of action the plaintiff prayed for damages to his automobile for the sum of $150.

Separate demurrers were filed by defendants and overruled. The defendant John J. Daley filed answer by way of general denial.

The defendant the Burt Corporation filed amended answer by way of general denial and also set out specific denials of the allegations in plaintiff's petition except such as admitted.

Admitted plaintiff was driving his Ford automobile in a southwesterly direction on the highway on the date stated. Admitted the defendant Daley was in the employ of the defendant the Burt Corporation on or about said date, but denied that Daley was engaged in the performance of said duties as an employee of said defendant at the time of the collision.

Admitted that the Burt Corporation was the owner of the car driven by Daley.

Admitted that an automobile was parked on the right-hand side of the road, and alleged that the car was so parked that it extended over and on the side of the hard-surface road almost the width of the car. Alleged that the accident was occasioned by the negligence of plaintiff, and further pleaded acts of contributory negligence and acts of negligence on the part of the plaintiff.

Plaintiff filed a reply by way of general denial.

On trial of said cause before a jury, defendants demurred to plaintiff's evidence offered by plaintiff, and defendants' motions for directed verdict for defendants were denied. The jury returned a verdict in favor of plaintiff and against defendants in the sum of $5,073.83. Separate motions for a new trial were filed, overruled, and defendants bring the cause here for review by joint petition in error, with case-made attached.

Plaintiffs in error set out 32 assignments of error and present the various assignments of error under two headings:

"(1) The evidence, as a whole disclosed that at the time of the accident, defendant Daley was not engaged in the performance of any duty owed by him to his codefendant and was not acting in the course of his employment. Therefore, the verdict and judgment against the defendant the Burt Corporation was not supported by the evidence, and the court ought to have instructed the jury to return a verdict in favor of the defendant."

The evidence in the case at bar, with reference to the collision, discloses that the plaintiff and his family, consisting of a wife and some small children, left Tulsa in the afternoon of November 23, 1927, to go to Bristow, Okla.

That the plaintiff was driving a 1918 model Ford touring car and that the defendant Daley was driving a Studebaker automobile owned by the defendant the Burt Corporation, and that the defendant Daley was in the employ of the defendant the Burt Corporation and had been at Seminole, Okla., on said date for the business of his employer, the Burt Corporation, whose offices were at Tulsa, Okla. That the defendant Daley lived at Sapulpa, Okla., and was on his road home from Seminole; that the plaintiff and defendant Daley were driving on highway No. 66. That the plaintiff was going in a southwesterly direction and

that the defendant Daley was driving in a northeasterly direction.

That the accident happened a short distance east of Kellyville, at somewhere between the hour of 7 and 8 o'clock p. m., and, that it had been raining and it was a misty evening. That the highway was concrete paving, which was slippery and slick.

That at the time of the accident it was dusky dark or dark. The accident happened at a culvert or bridge, in a straight stretch of pavement between two curves. The concrete culvert or bridge was 1,317 feet from the turn immediately east of Kellyville. The culvert was 12 feet 4 inches in width, the length of which was 13 feet and six inches. The width of the bridge was the width of the road, with an additional width of embankment of 5 or 6 feet. That it was practically the same distance from the culvert to the first turn east of the culvert as it was from the turn just east of Kellyville to the culvert and between the two curves was a straight stretch of paving, the culvert being about midway between the two curves.

That at the time of the accident there was an automobile headed in a northeasterly direction parked on the right-hand side of the paving. The evidence is conflicting as to how much of the car was on the paving and, how much was off of the paving. There is evidence in the record to show that the car was off of the pavement except the casing of the left hind wheel, which was right on the edge. That the defendant Daley was driving from 40 to 50 miles per hour. The evidence showing that he had passed a car before the accident that was going some 40 to 50 miles per hour and that this car kept its regular speed, and that the Daley car was about 200 feet ahead of the other car, that it had passed, when the accident occurred. That the plaintiff was coming in a southwesterly direction and had fair headlights on his car. That when the defendant Daley discovered the car parked at about 100 feet west of the culvert he applied his brakes and turned his car to the left side of the pavement to go around the car and then endeavored to straighten up his car to go back on his right-hand side of the road.

That the Daley car started to skidding along about 100 to 105 feet west of the culvert and that at first it skidded straight, diagonally across the road, and then started skidding sideways at about the culvert and struck the plaintiff's car at about a foot east of the culvert. From the evidence of witnesses who examined tracks where the collision occurred, two tracks of a small car

came up to and within a foot of the east side of the culvert on the north side of the pavement on the dirt fill approaching the culvert and had stopped. The outside track was about 5 feet from the north or west edge of the pavement, broken headlights of the car were found approximately about the end of the tracks. That at the time of the collision the car being driven by defendant Daley was partly off of the pavement and that when the collision occurred both plaintiff and defendants' cars went on down into the ditch.

That the defendant Daley, in making a report of the accident, stated that it was not Mr. Crutchfield's fault; he was in no way to blame. The defendant Daley testified that the lights of plaintiff's car did not blind him and that the light of the car had absolutely nothing to do with his skidding or the cars colliding.

That plaintiff, after the collision, was unconscious for sometime and received certain injuries as shown by the evidence; and at the trial was unable to testify anything about the collision on account of this fact. The last he remembered before the collision was that he left his job to make a trip.

The evidence with reference to whether at the time of the accident the defendant Daley was in the performance of his duties, under his employment, with the defendant the Burt Corporation, was, in substance: That his duties for the Burt Corporation were to go from place to place hunting business for his employer, and on business from the office, and looking for trouble on their stuff to see if giving satisfaction. That he was on a straight monthly salary, furnished a car and expenses, and his territory covered Texas, Oklahoma, and Kansas. That he had gone to Seminole on Monday before the collision on Wednesday on business for his employer from his home in Sapulpa, and remained there on business for his employer until Wednesday, when he called his employer to see if there was anything else, and when advised there was not, he started back to his home in Sapulpa on what he had been told was the nearer route.

Daley further testified that it was his custom when he finished work at a town to call his employer to see if additional work had come in for attention, and if not, he returned to his home, unless he had occasion to go by the office of his employer; that on the day following the collision he contemplated taking his family from Sapulpa to Claremore for Thanksgiving.

Burt, president of defendant the Burt Cor-

poration, testified that had defendant Daley sold goods in Seminole after his telephone conversation with Daley, or had Daley stopped at any place between Seminole and Sapulpa and sold goods on the evening of the collision, he would have accepted the order; that he never refused any business that he knew of.

With reference to the contention of plaintiffs in error that the court erred in overruling demurrer to plaintiff's evidence, this court in the case of Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785, said in the third paragraph of the syllabus:

"Where defendant demurs to the evidence of the plaintiff in chief, and afterwards introduces evidence, which supplies the omission or defect in the evidence of the plaintiff, the error in overruling the demurrer is cured, and the ruling thereon becomes harmless."

And it is our opinion that any omission or defect in plaintiff's evidence was cured by the evidence introduced by defendants and admissions of defendants on cross-examination.

The admissions that Daley was driving the Burt Corporation's automobile at the time of the accident and was at the time in the employ of the Burt Corporation prima facie established that Daley was acting within the scope of that employment. The evidence of defendants showed that Daley, after finishing his work for his employer at Seminole, was returning to his home at Sapulpa, as was his custom when he had finished his work, and was going by what he had been told was the shortest route.

The evidence introduced, together with all reasonable inferences to be drawn therefrom clearly shows that the defendant Daley was still upon his master's business at the time of the accident and completing a business trip for his employer, the Burt Corporation, and the court did not err in refusing defendants' motions for directed verdicts.

We think the jury was justified in concluding, as it did, that, at the time of the accident, Daley was engaged in performing duties required by his employment in a manner reasonably contemplated by his employer, the Burt Corporation.

The evidence, together with all reasonable inferences to be drawn therefrom, is sufficient to support the verdict of the jury that the injury was the proximate result of the negligence of the defendant Daley, and that plaintiff was not guilty of contributory negligence, and that at the time of the accident

Daley was completing a business trip for his employer and acting within the scope of his authority.

The next contention of plaintiffs in error is:

"The trial court's instruction No. 23 constituted an expression of opinion by the court upon the facts of the case and told the jury, as a matter of law, that defendant was a wrongdoer and constituted a charge upon the weight of the evidence. It was prejudicial error to have given it."

The instruction complained of reads as follows:

"You are instructed that if you find from the evidence that defendants and Emil Elias united in causing the accident by which plaintiff was injured, it is no defense for one of such wrongdoers, to say that the other is also to blame in causing such accident. Where although concert is lacking, the separate and independent acts of negligence of both combine to produce directly a single injury, each is responsible for the entire result, even though his act of negligence alone might not have caused it. There is no apportionment of responsibility whether suit be brought against one or against all the wrongdoers; each is responsible for the whole, and the degree of blameableness as between himself and his associates is immaterial."

The party "Emil Elias" referred to in said instruction was the driver of the car that was parked on the same side of the pavement on which the defendant Daley was driving, and which car the defendant Daley went around before the accident.

In the case of Walters v. Prairie Oil & Gas Co., 85 Okla. 77, 204 P. 906, first paragraph of the syllabus, this court said:

"Where, although concert is lacking, the separate and independent acts or negligence of several combined to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it."

In 20 R. C. L. art. 89, at pages 102-103, we find the following discussion:

"In an action for injury alleged to be due to a neglect of duty on the part of the defendant, it is no defense that a similar duty rested upon another person. Nor is it any defense to show that the act or omission charged was not the sole and only cause of the injury. If the defendant's act was operative at the very moment of the injury, he will be held liable therefor, although the injurious result was concurred in and contributed to by the act of a third person, or inevitable accident."

The court in its instruction No. 4 placed

the burden upon the plaintiff to show the negligence charged in this case was the proximate cause of the injury; and in instruction No. 12 the court said:

"The burden of proof rests on the plaintiff to establish by a fair preponderance of the testimony negligence upon the part of the defendant. * * * It must be shown by a preponderance of the evidence on the part of the plaintiff that such injuries were the result of the negligence of the defendant. * * *"

And in instruction No. 21, the court said:

"* * * Before you can find for the plaintiff and against the defendant the Burt Corporation, you must find and believe from the evidence, by a preponderance thereof, that the defendant Daley was engaged in driving said automobile in the course of his employment and as the servant of the Burt Corporation."

The instruction complained of did not invade the province of the jury and did not constitute a charge upon the weight of the evidence. The instructions must be considered as a whole, and if the same, considered as a whole, fairly and reasonably presented the law to the jury on the issues joined, the same will not be disturbed by this court on appeal. An examination of the instructions given in the case at bar as a whole shows that they stated the law of the case on the issues joined and were a fair and reasonable statement of the law of the case.

Finding no prejudicial error, the judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. McNEILL, J., disqualified. HEFNER, J., absent.

Note.—See under (3) 2 R. C. L. 194; R. C. L. Perm. Supp. p. 368; R. C. L. Pocket Part, title "Appeal," § 167. (4) 26 R. C. L. 763, 764; R. C. L. Perm. Supp. p. 5803; R. C. L. Pocket Part, title "Torts," § 13.