Joan B. SOPKIN and Clyde Main,
Appellees,

v.

PREMIER PONTIAC, INC., a corporation,
Appellant.

No. 47404.

Court of Appeals of Oklahoma,
Division No. 1.

July 29, 1975.

Released for Publication by Order of Court
of Appeals Aug. 21, 1975.

Joseph R. Roberts, William B. Selman, Tulsa, for appellees.

Dyer, Powers, Marsh, Turner & Powers by Thomas G. Marsh, Tulsa, for appellant.

BOX, Judge:

An appeal by Premier Pontiac, Inc., a Corporation, defendant in the trial court, from a jury verdict in favor of Joan B. Sopkin for $400.00 actual damages and $7,100.00 exemplary damages, arising from a suit in conversion.

Plaintiffs, in August of 1970, filed an action against Premier Pontiac, Inc., a Corporation, and Benny Thomas, its agent, alleging under their first cause of action, the wrongful conversion of a 1970 Pontiac Grand Prix automobile bearing Serial No. 276570Z100121. In the first petition, plaintiffs allege that a demand was made upon the defendant, Benny Thomas, for possession of the property held and detained by the defendants but that Benny Thomas refused to deliver the same, or any part thereof, to the plaintiffs and continued to refuse to do so up to the date of the filing of the petition, and that by reason of the act of defendant Benny Thomas, a conversion has been committed.

Under the second cause of action Joan B. Sopkin and Clyde Main, as plaintiffs, seek the recovery of certain personal property that had belonged to each of the plaintiffs and seek damages for the conversion of the personal property in the automobile as well as punitive or exemplary damages. Subsequent to the filing of the first petition the plaintiffs dismissed their second cause of action relating to the conversion of personal property and filed an Amended Petition on March 1, 1972. The Amended Petition is substantially the same allegations as contained in plaintiffs' first cause of action filed in August of 1970, and in the Amended Petition plaintiffs allege that all defendants committed the wrongful acts complained of, together with a demand for the return of the automobile but that defendants refused to deliver the same or any part thereof to the plaintiff and by virtue of the acts of Benny Thomas, an agent of defendant Premier Pontiac, Inc., a conversion was committed for which plaintiff seeks the recovery of actual damages as well as punitive damages.

Thereafter defendants filed their answer, generally and specifically denying all allegations in plaintiffs' petition, denying conversion of said automobile together

with an affirmative defense alleging that plaintiff Joan B. Sopkin made wrongful and fraudulent representations; that she would be the owner and operator of the vehicle, when at all times they knew that automobile would be operated by a third party, and that the same would be removed from the State of Oklahoma; and further denying that the plaintiff had performed all terms of the agreement as alleged in the petition.

From a jury verdict, defendant Premier Pontiac, Inc. appeals, alleging error as follows:

"PROPOSITION NO. ONE. A verdict exonerating the agent must necessarily exonerate the principal for the principal cannot be held responsible for an act of an agent if the agent has committed no tort.

"PROPOSITION NO. TWO. Fraud is a complete defense to an action for conversion and where the plaintiff secured possession of the property by fraud and the defendant merely retook the same in a lawful manner, no action for conversion can be maintained.

"PROPOSITION NO. THREE. Exemplary, punitive or vindictive damages are not allowed as against the principal unless the principal participated in the wrongful act.

"PROPOSITION NO. FOUR. The court erred in submitting the question of punitive damages to the jury.

"PROPOSITION NO. FIVE. The amount of punitive damages affixed by the jury and allowed by the court bear no reasonable relationship to actual damages sustained by the plaintiff and are excessive, arbitrary and capricious and should be set aside or modified."

Regarding defendant's Proposition No. 1, defendant makes the following statement in its brief:

"Defendant insists that before the Plaintiff can recover from this Defendant the Plaintiffs must have established a relationship of master and servant or of principal and agent between the alleged wrongdoer, Benny Thomas and the person sought to be charged with the damages at the time and in respect to the transaction out of which their claim arose. Should the Court determine that the evidence is sufficient to establish a relationship of master and servant, principal and agent, or employer and employee, then the Defendant Corporation insists that a verdict exonerating the Agent must necessarily exonerate the principal for the principal cannot be held responsible for an act of the agent if in fact the agent has committed no tort. Chicago R. I. &. P. Ry. Co. v. Reinhart et al. [61 Okl. 72] 160 P. 51."

We would agree with defendant's contentions if the action now being reviewed was a matter involving negligence.

Plaintiff in addition to other matters, states in her brief as follows:

"Appellant did not elect to stand on its demurrer at the close of plaintiff's evidence and, as such, it is not reviewable on appeal. *Lone Star Gas Co. v. Parsons*, [159 Okl. 52] 14 P.2d 369 (Okl. 1937) and *Greer v. Yellow Mfg., Acceptance Corp.*, 436 P.2d 50 (Okl.1967), wherein the Supreme Court stated in its syllabus:

" 'Where an intervenor demurs to plaintiff's evidence, but does not stand on said demurrer, and, after it is overruled, introduced evidence on his own behalf, he thereby waives any error in the overruling of said demurrer; and whether the judgment thereafter rendered for plaintiff is sufficiently supported by proof, will be determined, on appeal, from the evidence as a whole.'

"Also, in *Burt Corporation v. Crutchfield*, [153 Okl. 2] 6 P.2d 1055 (Okl.1932), the court held that:

" 'Any error in overruling demurrer at close of plaintiff's case is cured, where testimony introduced by defendant supplies any deficiencies in testimony of plaintiff.' "

■ Although a demurrer was sustained as to the named defendant Benny Thomas, the facts warrant the submission to the jury for the following reasons:

(1) The Supreme Court in the case of *R. J. Bearings Corp. v. Warr*, 192 Okl. 133, 134 P.2d 355, wherein the question was presented regarding an accord and satisfaction, stated the principles applicable to the within matter at page 356[1], as follows:

· "In respect to the issue of accord and satisfaction raised by the defendant in its demurrer and discussed by it in its answer brief, the plaintiff insists that defendant is not authorized to raise this issue since it did not plead it. We have examined the defendant's answer and find that the answer pleads payment but not accord and satisfaction. The rule is that accord and satisfaction is an affirmative defense and it must be pleaded in order to be available as a defense. *Gasper v. Mayer*, 171 Okl. 457, 43 P.2d 467. However, there is a recognized exception to this rule and that is: *Where evidence is introduced without objection upon a point not in issue in the case the court may consider the pleadings amended to conform to the evidence if such evidence will support the judgment rendered.*" (Emphasis supplied.)

■ The evidence is uncontradicted that the credit manager for defendant, Mike Wood, was the motivating factor in the retention of plaintiff's automobile, placing same on the roof of defendant's business and locking same in order that no other person could remove the automobile.

In 38 Cyc. 2054, it is said:

"Every person is liable in trover who personally or by agent commits an act of conversion, or who participated by instigating, aiding or assisting another, or who benefits in its proceeds in whole or in part."

The facts in the case now under review as heretofore set out, reveals that the defendant Premier Pontiac, Inc., retained the proceeds of the conversion by neither offering to return the automobile nor the $400.00 down payment to plaintiff, and there was no question of the authority of the defendant's servants Benny Thomas and Mike Wood, to act on its behalf regarding the retention of the automobile in question.

Regarding defendant's (Appellant) Proposition No. 2, defendant alleges as follows:

"The general rule is that the Defendant has a complete defense to an action for conversion where the Plaintiff secured possession of the property from the Defendant by fraud and the Defendant merely retook the same in a lawful manner. See *Johnson v. Oswald* [38 Minn. 550] 38 N.W. 630 and —— Am. Jur.2d, Conversion, Sect. 70 et seq."

The arguments set out in appellant's brief do not constitute undisputed evidence in appellants favor. In fact, the testimony was undisputed that (1) Joan wanted an automobile to get groceries and transportation for her two boys, (2) that her disability was known to appellant, (3) that she and Clyde answered all questions submitted to them, (4) that appellant ran a credit check on Joan, (5) that Joan gave appellant $400.00 down payment, (6) that Joan was sold an automobile, (7) that Joan received permission to wait a few days to make her $200.00 note payment, (8) that Joan was told by appellant that it was all right to go to Dallas for a few days, (9) that Joan offered the balance of $200.00 on the date same was due but it was rejected, and (10) that Joan had fulfilled every requirement appellant asked of her.

The evidence was also undisputed that Joan was never asked whether she could drive the car. Evidence of misrepresentation, essential to show fraud, was lacking altogether.

We find no error.

Regarding defendant's (Appellant) Proposition No. 3, defendant argues in its brief as follows:

"This argument is correlary to Defendant's first argument. The Agent

committed no tort and is exonerated, then the principal must be exonerated also. Neither actual nor punitive damages are recoverable from the principal."

We have already answered this argument contrary to defendant's contention.

■■■ Regarding defendant's (Appellant) Proposition No. 4, appellant proposes that the trial court erred in submitting the question of punitive damages to the jury. However, the record does not reveal that appellant made proper objection to the trial court's submitting such instruction before the jury returned its verdict. Questions not raised in the trial court may not be considered on appeal. *Midwest City v. Eckroat*, Okl., 387 P.2d 123.

■■ An objection made only after the jury has returned its verdict is not timely. *Huff v. Duncan*, Okl.App., 530 P.2d 134.

■■ Even if a proper objection had been raised, whether appellant's conduct was malicious, oppressive, or sufficiently reckless to merit punishment should be a jury decision. Only where there is no evidence whatsoever that would give rise to an inference of actual malice or conduct deemed equivalent to actual malice may a trial court refuse to submit an exemplary damage instruction to the jury. It must consider the evidence in the light most favorable to the plaintiff. *Garland Coal & Mining Co. v. Few*, 267 F.2d 785 (10th Cir. 1959).

22 Am.Jur.2d, Damages § 341, provides:

"Thus, it is for the jury to determine whether the defendant was actuated by malice or whether there was such a reckless disregard of the rights of others as to warrant an award of punitive damages."

The Oklahoma Supreme Court stated in *Reed v. Fichencord*, 96 Okl. 3, 219 P. 937, that:

"This court has also held that the question of exemplary damages, where properly pleaded, is a question of fact for the jury, if there is some evidence reasonably tending to support that issue,

and that in such circumstances the trial court should submit the question to the jury. . . .

"It is impossible to say from a reading of the record in this case that there is no evidence reasonably tending to support this position.

"Under such circumstances, it was not only proper for the trial court to submit that question to the jury, but it was his duty to do so."

23 O.S.1971, § 9 provides that the jury may award exemplary damages where the defendant has been guilty of oppression, or malice, actual or presumed:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

■ Malice is legally presumed where the defendant's conduct evidences such gross negligence or reckless disregard for plaintiff's rights or property, *Sunray DX Oil Co. v. Brown*, Okl., 477 P.2d 67, or conscious indifference to consequences, *Wootan v. Shaw*, 205 Okl. 283, 237 P.2d 442; or criminal indifference to plaintiff's rights, *Oller v. Hicks*, Okl., 441 P.2d 356; or flagrant disregard of plaintiff's right to the enjoyment of his property, *Garland Coal & Mining Co. v. Few, supra, Hobbs v. Watkins*, Okl., 481 P.2d 746, which is deemed equivalent to an actual evil intent, to injure someone or his property. *Morgan v. Bates*, Okl., 390 P.2d 486.

■ The fact that the undisputed evidence showed that Joan Sopkin was not in default in her obligation to appellant, that appellant had no right whatever to take her car, that appellant took Joan Sopkin's car and gave her no explanation at all, certainly gives rise to an inference of actual malice or conduct deemed equivalent to actual malice, i.e., conscious indifference, reckless disregard, etc. The trial court

thus would not have erred, even if an objection had been raised prior to the jury verdict, in holding that the question of awarding punitive damages was for the jury.

Defendant (Appellant) finally in its Proposition No. 5, complains of the amount of exemplary damages returned against it by the jury. Appellant has not cited authority to support Proposition No. 5. Both *Jeffcoat v. Highway Contractors, Inc.,* Okl.App., 508 P.2d 1083, and *Bradley v. McCabe,* Okl., 438 P.2d 468, hold that an assignment of error unsupported by authority in the brief will not be considered by the Supreme Court on appeal unless it is apparent without further research that it is well taken.

Appellant proposes that:

"The . . . punitive damages affixed by the Jury and allowed by the Court bear no reasonable relationship to actual damages sustained by the plaintiff . . . ."

▮▮▮ Punitive damages awarded need not bear any relationship to actual damages sustained. In *Garland Coal & Mining Co. v. Few, supra,* the 10th Circuit considered the Oklahoma exemplary statute, 23 O.S. 1971, § 9, wherein they stated:

"The validity of the verdict for exemplary damages is not affected by an allowance of actual damages for a lesser amount . . . .

"While exemplary damages must bear some relation to the injuries inflicted and the cause thereof, they do not necessarily bear any relation to the amount of damages allowed by way of compensation."

This 10th Circuit language was favorably quoted in *Hobbs v. Watkins, supra,* and in the syllabus of the *Hobbs* case, the Supreme Court of Oklahoma stated:

"Exemplary damages must bear some relation to the cause and extent of one's injuries, but the amount thereof is not necessarily governed by the amount awarded as compensatory damages."

In many cases, exemplary damage awards have far exceeded the compensatory damage award. In *McCarthy v. General Electric Co.,* 151 Or. 519, 49 P.2d 993 (1935), an exemplary damage award of $1,500.00 was held to not be excessive where the actual damages award was $10.16, in an action for conversion, as follows:

"It appears to be a case wherein the zeal of the credit manager greatly exceeded his judgment.

\* \* \* \* \* \*

"Having held that there is evidence showing actual damages, it remains to be determined whether the finding of the jury as to punitive damages can be sustained.

\* \* \* \* \* \*

"The jury was not obliged to believe that he acted in good faith and that the trespass thus committed was merely the result of inadvertence and poor judgment. Reasonable argument could be made that Young showed an utter disregard for the rights of the plaintiff.

" \* \* \* "

▮▮▮ In Oklahoma an exemplary damage verdict must be determined, as a matter of law, to have been clearly the result of passion and prejudice, for a trial judge to reduce it. In *Walton v. Bennett,* Okl., 376 P.2d 240, the court stated:

"In *Jones v. Eppler,* Okl., 266 P.2d 451, 459, 48 A.L.R.2d 33, we quoted with approval as follows:

" 'In an action for damages for personal injuries sustained, the court will not set a judgment aside because of excessive damages, unless the amount awarded clearly shows that the jury was actuated by passion, partiality or prejudice.' "

In *Ray v. Navarre,* 47 Okl. 438, 147 P. 1019, the court stated:

"We are not prepared to say that it appears that the amount of the verdict in favor of the plaintiffs was the result of passion or prejudice on the part of the jury.

"In cases like this a certain degree of heat is unavoidable.

"In the instant case there is nothing in the record to indicate undue passion or prejudice on the part of the jury, except the size of the verdict itself. Whilst the verdict is large—perhaps too large, we might say if called upon to pass upon the question as jurors—yet there were a great many circumstances of aggravation and oppression connected with the taking of the property tending to show an entire absence on the part of the defendants of all regard for the rights of the plaintiffs and a contempt for law and order wholly indefensible.

" * * *"

In the case now under review, the jury obviously felt that a large verdict was needed to warn the defendant that such conduct will not be tolerated. In *Oller v. Hicks*, supra, the Supreme Court stated:

"The basis for allowance of punitive damages rests upon the principle that they are allowed as punishment for the benefit of society as a restraint upon the transgressor, and a warning and example serving as a deterrent to commission of like offenses in the future.

" * * *"

We hold that the amount of $7,100.00 in punitive damages is not excessive in view of the statutory criteria contained in 23 O.S.1971, § 9.

Defendant (Appellant) argued in its brief that the appearance of Joan Sopkin using a magnifying glass, was prejudicial to its rights to a fair trial. Plaintiff testified, on cross-examination, that she suffered from industrial blindness and needed a magnifying glass to read. Counsel for the defendant made no objection at any time during the trial about such use. In the case of *Walton v. Bennett*, supra, the court stated:

"No such motion was presented. Apparently the defendant chose to take his chances with the jury.

" * * * this court will not review such testimony, in the present circumstances, in the absence of presentation of error by the trial court in refusing to adjudge a mistrial after proper motion therefor."

There is thus no error of the trial court to review, or right of appellant to now claim prejudice. In addition there is no indication or cited authority that her use of the magnifying glass clearly created undue passion in the eyes of the jury.

Defendant (Appellant) also argued that plaintiffs offered no evidence as to the value of the automobile and that it must be presumed that the actual damage to the plaintiff was $400.00. Joan Sopkin testified that the base price of the automobile before financing was $4,818.00. Also, the purchase contract, indicating the price, was introduced into evidence. Evidence of what an article sold for in a bona fide sale is sufficient to establish the market value, in the absence of other evidence. *Wichita Mill & Elevator Co. v. National Bank of Commerce*, 102 Okl. 95, 227 P. 92.

For the reasons herein set out we affirm the judgment, both as to actual and exemplary damages.

Affirmed.

ROMANG, P. J., and REYNOLDS, J., concur.