## HOUK et al. v. GALLECIEZ et al.

No. 11085—Opinion Filed April 17, 1923.

(Syllabus.)

1. Appeal and Error—Discretionary Rulings —Refusal of Continuance for Absence of Attorney.

Absence of an attorney is not statutory ground for continuance, and the refusal of the trial court to continue or postpone a case on account thereof will not be disturbed in this court in the absence of an abuse of discretion.

2. Same — Absent Witnesses — Statutory Motion—Necessity.

A continuance should not be granted on account of the absence of witnesses unless a motion has been filed in compliance with section 584, Comp. Stat. 1921.; and, in the absence of such motion, the action of the trial court in refusing a continuance on account of the absence of witnesses will not be reviewed by this court on appeal.

3. Appeal and Error—Necessity for Exceptions—Instructions.

This court will not review alleged error in the giving of instructions in the absence of an exception to such instruction.

Error from County Court, Tulsa County; W. B. Williams, Judge.

Action by L. A. Galleciez and E. F. Spaeth, doing business under the firm name and

style of the Kansas City Plumbing & Heating Company, against Lou H. Houk and Frank Houk. Judgment for plaintiffs, and defendants bring error. Affirmed.

T. L. Brown, for plaintiffs in error.

Poe & Lundy, J. E. Curran, and R. E. Morgan, for defendants in error.

COCHRAN, J. This action was commenced by defendants in error to recover for labor performed and material furnished in connection with the plumbing installed in a building belonging to plaintiffs in error. The parties will be hereinafter referred to as plaintiffs and defendants as they appeared in the trial court.

Defendants complain of the action of the trial court in forcing them to trial on May 5th, in the absence of T. L. Brown, a member of the firm of Kirkpatrick & Brown, who was the principal attorney representing the defendants, and also in the absence of the witnesses for the defendants, who had been excused by the defendants who relied upon the statement of T. L. Brown that the case would not be tried on May 5th.

The absence of the attorney is not a statutory ground for continuance, and the granting or refusal of continuance on account thereof is within the discretion of the trial court, and, in the instant case, there appearing to be no abuse of its discretion by the trial court in overruling defendants' objection to going to trial on this ground, the judgment will not be disturbed for that reason.

A continuance on account of the absence of evidence should only be granted when a motion is filed in compliance with section 584, Comp. Stat. 1921, and, no such motion having been filed in this case, the trial court committed no error in refusing to continue the case on account of the absence of witnesses.

The defendants complain of the giving of instruction No. 4. It appears that no exception was saved to the giving of this instruction. On account of the failure to save an exception to this instruction, this question is not properly presented for review by this court.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, NICHOLSON, BRANSON, and MASON, JJ., concur.