## PROTZMAN et al. v. ROCK.

No. 13136—Opinion Filed March 18, 1924.

(Syllabus.)

1. **Appeal and Error — Prejudicial Error — Instructions Outside Issues.**

Where a waiver is not pleaded, and the only issue in the case is whether a contract was conditionally delivered or not, it is prejudicial error to instruct the jury on the question of waiver.

2. **Sales — Refusal to Accept — Measure of Damages.**

Under the second subdivision of section 6008, Comp. Stat. 1921, it is not necessary that a resale of property be actually made in order to fix the amount of the seller's damages, but if a resale of the property is made, the price received on such resale will be accepted as the market value of the property in the market nearest to the place at which the property should have been accepted and at such time after the refusal to accept as would have sufficed, with reasonable diligence, for the seller to effect a resale, in the absence of proof of value at such time and place.

Error from District Court, Grady County; Edward Dewes Oldfield, Assigned Judge.

Action by Charles F. Rock against J. S. Protzman and C. W. Protzman, copartners. Judgment for plaintiff, and defendants bring error. Reversed and remanded with directions.

Bailey & Hammerly, for plaintiffs in error.

Bond, Melton & Melton, for defendant in error.

COCHRAN, J. This action was brought by the defendant in error against the plaintiffs in error to recover damages for an alleged breach of a contract. The parties will be referred to as they appeared in the trial court. Judgment was rendered for the plaintiff, and the defendants have appealed. It was the contention of the plaintiff that the defendants entered into an unconditional contract for the purchase of flour. The defense was that no contract was ever made; that the contract on which suit was brought was executed on condition that the agent of the plaintiff would call the plaintiff over long distance telephone for the purpose of ascertaining whether the order would be accepted, and that, in the event the defendants received no notice of acceptance by a certain time, the defendants would understand that the plaintiff had refused to accept the contract and make a sale of the flour; that no notice of acceptance was ever given and the conditions upon which the contract was to be delivered as a binding obligation were never performed. The defend-

ants complain of instruction No. 3, given by the trial court after submitting the issues as above stated, instructing the jury as follows:

"You are instructed that your verdict must be for the plaintiff, unless you find and believe from the evidence that the order under date of August 4, 1917, was to be confirmed by telephone not later than Sunday morning, towit, August 5, 1917, and that in case the same was not confirmed by telephone within said time that the defendant would understand that the Cherokee Mills had declined to accept and confirm the order in question; and if you find and believe from the evidence that R. W. Hulett failed to so notify the defendants by telephone of the acceptance of the order in question, and if you find and believe from the evidence that the defendants did not waive such notification, then you are instructed that your verdict must be for the defendants."

Defendants contend that the question of waiver of notification of the acceptance of the contract was not within the issues made by the pleadings or the evidence, and that the defense of waiver is an affirmative plea which must be proven by the party asserting the same. The plaintiff concedes that this contention as to the law is correct, but insists that the court did not use the word "waive" in its legal sense, but used it as that word is used in everyday language, and that the instruction was not prejudicial to the rights of the defendants. We are not familiar with any distinction between the use of the word "waive" in its legal sense and as used in everyday language, when applied to a state of facts like those which were presented for the consideration of the jury in this case. The issue framed by the pleadings and by the evidence was whether the contract was unconditionally executed or executed conditionally, and the case should have been submitted to the jury on that issue alone. The injection of the question of waiver into the case by the instruction given could have no other effect than to confuse and mislead the jury, and we cannot say that the instruction as given did not prejudice the rights of the defendants.

The defendants next contend that the court erred in giving instruction No. 4, for the reason that it incorrectly stated the measure of damages, and they moved the court to instruct the jury that it would be the duty of the seller of personal property, under such circumstances, to immediately resell said property on the nearest and quickest market obtainable and for the best price obtainable, and that the damage which the seller, under such circumstances, would be entitled to recover would be the differ-

ence between the place agreed to be paid and the fair cash value of the property on the earliest market obtainable therefor, after such refusal to accept and purchase the property under the contract. The court instructed the jury in instruction No. 4 as follows:

"If you find for the plaintiff, you are instructed that the detriment or damage caused by a buyer's breach of an agreement to accept and pay for personal property, the title to which is not vested in him, is deemed to be the excess, if any, of the amount due from the buyer under the contract over and above the value to the seller, together with the excess, if any, of the expense properly incurred in carrying the property to market over those which would have been incurred for the carriage thereof, if the buyer had accepted it."

This instruction was in accordance with the measure of damages prescribed by the second subdivision of section 5987, Comp. Stat. 1921. The defendants concede that this section of the statute is applicable to the facts, but contend that upon request they were entitled to have the jury instructed how the value to the seller, as used in that statute, is to be determined, and that the requested instruction contained a correct statement of the method of determining the value of the flour to the seller. The defendants contend that section 6008, Comp. Stat. 1921, prescribes the method for determining the value of the property to the seller, and that the request made conformed to this statute. In passing on this identical question this court in Guthrie Mill & Elevator Company v. Thompson & Gibson, 89 Okla. 173, 214 Pac. 717, after referring to the various sections of the statute which we have mentioned above, said:

"Under the second subdivision of section 5987, Comp. Stat. 1921, it is not necessary that a resale of property should actually be made in order to fix the amount of the damages, but if resale is made, it is not necessary that it should be made under the procedure outlined for sale of pledged property."

And in the syllabus, the court said:

"Where the seller of personal property, on refusal of purchaser to accept, elects to resell the same, it is not in general the duty of the seller to resell immediately or at the contract place for delivery; but it is generally his duty to resell within a reasonable time, and, in the absence of the refusal to accept, the price received on resale will be regarded as market value."

In the case at bar the defendants requested the court to instruct the jury that it was the duty of the seller to immediately resell

the property on the nearest and quickest market obtainable and for the best price obtainable, and that the damage to the seller, under such circumstances, would be the difference between the price agreed to be paid and the fair cash value of the property on the earliest market obtainable therefor after such refusal to accept the property under the contract. It was not the duty of the plaintiff to make a resale of the property at all. He could do so, and under the decision in Guthrie Mill & Elevator Company, supra, and Gaines Bros. & Co. v. Citizens' Bank of Henryetta et al., 84 Okla. 265, 204 Pac. 112, if there was a resale of the property, the price received on the resale would be regarded as the market value in the absence of evidence as to the market value in the market nearest to the place at which it should have been accepted, and at such time after the breach of the contract as would have sufficed, with reasonable diligence, for the seller to effect a resale. The price received on the resale does not conclusively determine the market value, but, where a resale is made, it is accepted as the market value in absence of other proof. In the instant case there was no evidence introduced tending to prove that the market value at a place nearest the place at which the property should have been accepted, and at such time after the breach of the contract as would have sufficed, with reasonable diligence, for the seller to effect a resale, was different from the amount received on the resale of the property. The requested instruction was properly refused, as there was no evidence to justify the giving of the same, and it also failed to correctly state the duty of the plaintiff. The judgment of the trial court is reversed because of the error in giving instruction No. 4, and the cause remanded, with directions to grant a new trial.

JOHNSON, C. J., and NICHOLSON, MASON, and WARREN, JJ., concur.