## AMORITA MILLING CO. v. MILLER et al.

No. 13383—Opinion Filed April 29, 1924.

**1. Sales—Action for Breach by Buyer—"Market Value."**

Where a buyer of wheat breaches a contract and the seller sells on the open market within six days thereafter and no evidence is offered as to the market value at the time of the breach of the contract of sale, the price received by the seller on the open market will be regarded as the market value.

**2. Trial—Directing Verdict—When Proper.**

The rule that, where the evidence is conflicting and the court is asked to direct a verdict, the evidence favorable to the moving party must be eliminated from consideration and wholly disregarded, leaving for consideration only that evidence favorable to the party against whom the motion is leveled, rests upon the right of parties in a law action to have a jury weigh conflicting evidence, judge the credibility of witnesses and the weight to be given their testimony, but such right does not relieve a trial court of the duty of determining, in the absence of conflicting evidence, whether or not a cause of action has been established, or of directing a verdict for the plaintiff, in the absence of such conflicting evidence, where the burden of proof has been sustained.

**3. Same—Judgment Sustained.**

The record discloses that there was no

conflicting evidence upon any material question in issue and the court did not err in instructing a verdict for the plaintiff.

Error from District Court, Alfalfa County; James B. Cullison, Judge.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Action by P. P. Miller and S. S. Williamson, partners doing business as the Miller Grain Company against the Amorita Milling Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Titus & Talbot, for plaintiff in error.

J. Graham Campbell and Ray Campbell, for defendants in error.

Opinion by RAY, C. The only contention made by plaintiff in error, who was defendant below, is that the court erred in directing a verdict for the plaintiffs. The statement of the case contained in the plaintiff in error's brief is as follows:

"Under the four contracts alleged by plaintiff, and the evidence offered, it is disclosed that the plaintiff was engaged in the business of buying and selling grain, as grain dealers, and the defendant, a milling company, located at Amorita, Okla. In the late summer and fall of 1920, the plaintiffs contracted to sell defendant certain carloads of wheat. Such contracts are not in dispute. The defendant took certain carloads of wheat under said contract and made default as to the balance of said contracts, the number of carloads in each instance being admitted. The plaintiff's witness testified that upon failure of defendant to take the wheat, that they sold the wheat under the contract alleged in second cause of action on the 19th day of November, 1920, receiving $2.22 and $1.57 per bushel. The price agreed to be paid by the defendant was $2.68, which made a difference of 84 cents per bushel for the three carloads in default under said contract. The plaintiff's witness, L. A. Maphet, testified that he is connected with the plaintiff company, and that he made the contract, in question; that contract was dated on September 16, 1920, and the wheat was to be delivered within 30 days, or by the 15th day of October, 1920. He also testified that said contract was extended for 30 days by agreement of the parties, which would make the contract terminate on the 14th day of November, 1920. Why the wheat was not sold till the 19th and 20th days of November, does not appear.

"It is on the price obtained by their selling on the 19th and 20th days of November, that they base their claim against defendant for 84 cents per bushel, in the total sum of $2,429.28.

"In the statement of facts, admitted in evidence, various letters were admitted. Among the rest, was a letter addressed by plaintiff to defendant as shown at page 116, and indorsed by the defendant on the same letter, admitting liability in the amount therein shown. * * * And in the verified answer of the defendants, the whole question of the plaintiff's causes of action, including the various contracts, telegrams and letters of indorsements, were put in issue. The defendants offered Chas. Peeble as a witness in its behalf, who testified he was in charge of the defendant company and made the contracts in question and handled the said business; and, in substance, testified that prior to the termination of the contracts in question, as originally made, that he had notified plaintiffs of their inability to complete said contracts and ordered the same cancelled. He did, however, admit, that in the controversy concerning the cancellation of these contracts, that an extension of 30 days had been agreed upon, which would carry the contracts over to the 14th day of November."

In the stipulation referred to it was agreed that the letters and communications from the defendant to the plaintiffs introduced in evidence on the part of the plaintiffs were written by the defendant.

The only conflict of evidence was as to whether or not the time for shipment had been extended beyond the 30 days and up to and including the 19th and 20th of November, at which time the wheat was sold on the open market. Based upon a number of telephonic and telegraphic communications between the parties, the plaintiffs contend that the time was so extended. This appears to have been denied by the defendant. If that had been a material issue this evidence of the defendant would have presented a question for the jury, but, assuming that the time was not extended beyond November 14th, as contended by defendant, still no question was presented for the jury. No evidence was offered as to the market value on November 14th, the date the contract was breached. The only evidence as to the market value was of the day of the resale, and it must be presumed, in the absence of evidence to the contrary, that the price received for the wheat on the open market six days after the contract was breached was the market value of the wheat at the time of the breach of the contract six days prior thereto. This view is sustained by the previous decisions of this court. In Guthrie Mill & Elevator Co. v. Thompson & Gibson, 89 Okla. 173, 214 Pac. 116, this court said:

"Where the seller of personal property, on refusal of purchaser to accept, elects to resell the same, it is not in general the duty of the seller to resell immediately or at the

contract place for delivery; but it is generally his duty to resell within a reasonable time, and, in the absence of any evidence as to the market value of the goods at the time of the refusal to accept, the price received on resale will be regarded as market value."

This case was followed in Protzman et al. v Rock, No. 13136, opinion filed March 18, 1924, 101 Okla. 170, 224 Pac. 495.

It is contended under the rule adhered to by this court, that where the evidence is conflicting and the court is asked to direct a verdict, the evidence favorable to the moving party must be eliminated from consideration and wholly disregarded, leaving for consideration only that evidence favorable to the party against whom the motion is leveled; that all the evidence in favor of the plaintiff was withdrawn from consideration of the court in considering the motion for a directed verdict, leaving only the evidence of the defendant, together with all the reasonable inferences that might be drawn therefrom for the consideration of the court. The rule has no such application. That rule rests upon the right of parties in a law action to have a jury weigh conflicting evidence, judge the credibility of witnesses and the weight to be given their testimony, but such right does not relieve a trial court of the duty of determining, in the absence of conflicting evidence, whether or not a cause of action has been established, or of directing a verdict for the plaintiff, in the absense of such conflicting evidence, where the burden of proof has been sustained. Before the evidence of the moving party may be withdrawn from consideration there must be conflicting evidence. In this case there was no conflicting evidence as to any material question. No questions of fact were presented for the consideration of the jury and we think the court did not err in directing a verdict for the plaintiff.

We think the judgment should be affirmed.

By the Court: It is so ordered.