RIEDT v. WINTERS DRUG CO. et al.

No. 30642. July 13, 1942.

Rehearing Denied Sept. 15, 1942.

*128 P. 2d 1008.*

Hulsey & Hulsey, of McAlester, for plaintiff in error.

I. L. Cook, of Atoka, for defendants in error.

PER CURIAM. This action was instituted by the plaintiff in error, hereinafter referred to as plaintiff, against the defendants in error, hereinafter referred to as defendants, to recover as damages the difference between the price for which a new Taylor Freezer and a new Kelvinator were sold and the price for which they were resold after defendants had refused to accept and pay for said property.

The plaintiff pleaded a written contract of sale, a tendered delivery of the property involved and a refusal by the defendants to accept or pay for the property and a resale thereof for $535 less than the price at which the property had been originally sold, and prayed judgment for said amount with interest thereon. The defendants admitted the execution of the contract and their refusal to accept and pay for the property bought under said contract, but in defense of said action on their part alleged that time was of the essence of the contract, and that delivery of the property had not been tendered within said time, and further

that the contract was void by reason of fraud in its inducement.

Trial had to a jury resulted in a verdict in favor of plaintiff upon all of the issues in controversy. The jury, however, assessed plaintiff's recovery at the sum of $50. Motion for new trial was overruled, and the plaintiff appeals. As grounds for reversal of the judgment the plaintiff assigns 14 specifications of error. It will not be necessary to consider the contentions so made separately. The determinative issue submitted is whether the verdict on recovery allowed plaintiff is supported by any competent evidence shown in the record.

Under the pleadings and the evidence, if plaintiff was entitled to recovery, the measure of his damages was fixed by 23 O. S. 1941 § 32, subd. 1, which reads as follows:

"The detriment caused by the breach of a buyer's agreement to accept and pay for personal property, the title to which is not vested in him, is deemed to be:

"1. If the property has been resold, pursuant to section 3850, the excess, if any, of the amount due from the buyer, under the contract, over the net proceeds of the resale; . . . "

See, also, Guthrie Mill & Elevator Co. v. Thompson & Gibson, 89 Okla. 173, 214 P. 716; Protzman v. Rock, 101 Okla. 170, 224 P. 495.

The evidence of plaintiff, which was wholly uncontroverted and uncontested with reference to the price at which the property was originally sold and the price at which it was resold, met all of the requirements of the statute and the decisions above cited, and the record is devoid of any evidence competent or otherwise which would justify the finding that plaintiff's damage was the sum of $50. The verdict therefore was not only unsupported by any competent evidence but is clearly contrary to all of the competent evidence, and hence is a verdict which this court will not permit to stand. See Indian Territory Illuminating Oil Co. v. Henning, 179

Okla. 462, 66 P. 2d 83; Riddle v. Garner, 175 Okla. 325, 52 P. 2d 837; Hart Grocery Co. v. Hunt, 175 Okla. 32, 52 P. 2d 66. The jury, by its verdict having resolved all of the controverted issues in favor of the plaintiff, could not arbitrarily limit his recovery, but were obliged to assess it in accordance with the measure of damages given them by the court in its instructions, and upon their failure to do so the court should have granted the plaintiff a new trial. On account of error in not doing this, the cause is reversed and remanded, with directions to grant a new trial.

Reversed and remanded, with directions for a new trial.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.