## R. J. BEARINGS CORPORATION v. WARR.

No. 30267. Jan. 26, 1943.

Rehearing Denied March 2, 1943.

*134 P. 2d 355.*

Marion J. Blake and Marvin T. Johnson, both of Tulsa, for plaintiff in error.

H. L. Douglass, Sylvanus G. Felix, and M. S. Douglass, all of Oklahoma City, for defendants in error.

BAYLESS, J. This is an appeal from the court of common pleas of Oklahoma county. R. J. Bearings Corporation instituted an action against Clyde B. Warr and complains of the ruling of the trial court in taking the case from the jury and rendering judgment for the defendant.

Plaintiff agreed to sell certain merchandise to a firm in Oklahoma City if the defendant would assure the payment of the account. To embody and evidence the agreement the defendant executed the following instrument:

"For value received, and, further, in consideration of the credit which shall hereafter be extended by R. J. Bearings Corporation of St. Louis, Missouri, to Burney & Warr Supply Company; the undersigned hereby guarantees to the said R. J. Bearings Corporation, its successors or assigns, the prompt payment at maturity of any liability or indebtedness now incurred, or which may hereafter be incurred by the said Burney & Warr Supply Company to R. J. Bearings Corporation.

"Renewals or extensions of time of payment of any of the aforesaid liability, or indebtedness, are hereby agreed and consented to by the undersigned, as are also any release, addition to or change of other security, also any change in the form of the liability or indebtedness, from open book account to notes or required to in any way notify the undersigned when orders are received from or shipments made to the said Burney & Warr Supply Company, or of defaults in payment, or to give notice to the undersigned of the acceptance of the guaranty, or to make demand for payment on the undersigned, nor shall it be necessary to sue said Burney & Warr Supply Company before suit may be brought against the undersigned; it being the intent of the undersigned to guarantee and hold harmless the said R. J. Bearings Corporation, on any and all liability or indebtedness now incurred, or hereafter incurred hereunder, including all costs and attorneys' fees incurred in attempting to enforce payment thereof, and any judgment obtained against the said Burney & Warr Supply Company for or on account of such liability or indebtedness, shall be conclusive evidence of the amount hereby guaranteed.

"This guaranty is a continuing one, binding upon the undersigned and the heirs and legal representatives of the undersigned, and shall continue in force until written notice of revocation thereof shall be received by the Credit Department of R. J. Bearings Corporation."

The merchandise was not paid for and plaintiff made demand upon defendant for the payment of the account. Defendant paid this account in installments over a period of several months. After he had made the last payment on the indebtedness, the plaintiff demanded the defendant pay $350 representing the expense plaintiff had incurred for attorney's fees in collecting the indebtedness. When the defendant refused to pay, plaintiff instituted the action out of which this appeal arises. Among other defenses set up by the defendant was that of payment.

At the trial of the action a jury was impaneled. The plaintiff introduced evidence tending to show all of the facts upon which it based its claim for $350, and on this issue there is no particular conflict between the parties. In the course of the plaintiff's evidence and during the cross-examination of the plaintiff's witnesses, the defendant established (1) that the attorney employed by plaintiff to represent it had full authority to handle the matter for it; (2) that this attorney wrote a certain letter (introduced in evidence) to the defendant with respect to the balance due on the account and with respect to the claim for attorney's fees; and (3) introduced in evidence a check sent by defendant to plaintiff in payment of the balance due on the indebtedness and bearing a notation that it was payment in full. At the close of the plaintiff's evidence the defendant interposed a demurrer thereto on substantially the following grounds: (1) That the contract was a contract of guaranty and the plaintiff could have no recovery thereunder as a matter of law, and (2) the evidence shows a full accord and satisfaction. As stated above, this demurrer was sustained and judgment rendered for the defendant.

The parties devote the most of their briefs to the discussion of the nature of the contract, plaintiff contending that it was a contract of indemnity and the defendant contending that it was a contract of guaranty. Since the trial court did not indicate the basis upon which he sustained the demurrer, and since the demurrer raised an issue other than the one discussed by the parties concerning the nature of the contract, and since we think the judgment of the trial court was correct on the other question raised, we see no occasion to go into an extended discussion of the nature of the contract.

In respect to the issue of accord and satisfaction raised by the defendant in his demurrer and discussed by him in his answer brief, the plaintiff insists that defendant is not authorized to raise this issue since he did not plead it. We have examined the defendant's answer and find that the answer pleads payment but not accord and satisfaction. The rule is that accord and satisfaction is an affirmative defense and it must be pleaded in order to be available as a defense. Gasper v. Mayer, 171 Okla. 457, 43 P. 2d 467. However, there is a recognized exception to this rule, and that is: Where evidence is introduced without objection upon a point not in issue in the case, the court may consider the pleadings amended to conform to the evidence if such evidence will support the judgment rendered.

If we assume for the purposes of the decision that the contract set out above in any wise intended to indemnify plaintiff and thereby indulge the inference that defendant was obligated to pay plaintiff any attorney's fees incurred, we are met with the evidence that was introduced in this case in the nature of the letter and check referred to above. We observe that the attorney who had full authority to handle this matter for plaintiff wrote to defendant and called attention to the contract authorizing the

recovery of an attorney's fee, and advising defendant that he had been instructed to file a suit for the balance due on the indebtedness "and to include therein all costs of collection and attorneys' fees," and followed this by a statement that if the plaintiff filed suit now, it could charge defendant "with all costs of collection," and followed that statement by the following:

"This is to advise you that if I do not receive your check in full for the balance I shall follow my instructions regarding suit. And of course you realize that it would be to my advantage to save my client the cost of collection and attorneys' fees."

Following the receipt of this letter defendant mailed this attorney a check payable to the plaintiff for the balance due according to the statement in the attorney's letter, and this check bore the following endorsement:

"Remittance Advice. In full payment of all indebtedness of the McKee Supply Company to the J. R. Bearings Corporation to date."

This attorney mailed this check to plaintiff, and plaintiff accepted and endorsed and cashed the same. We are of the opinion that the tone of the letter was an invitation to the defendant to pay the balance due on the account at once to avoid the filing of a suit and avoid the consequent cost attendant thereon, including attorney's fees. The act of defendant in sending this check was an acceptance of this invitation, and the acceptance of the check by the plaintiff was a confirmation of the matter.

We have defined an accord as an agreement whereby one undertakes to give or perform and another undertakes to accept in satisfaction of an unliquidated claim other than or different from what he is or considers himself entitled to, and a satisfaction is the execution of such an agreement. Gasper v. Mayer, supra, and other decisions to be found in American Digest (West), Accord and Satisfaction, Key No. 1.

In this instance the amount due on the attorney's fee was unliquidated because the amount was unknown to the defendant and perhaps at the time this letter was written was not fully known to the plaintiff. In such an instance the rule just stated applies.

We are not unaware of the rule that a demurrer to the evidence generally weighs only the evidence of the plaintiff, and that a demurrer to all of the evidence or a motion for a directed verdict, which we think this demurrer amounted to, generally only calls for a consideration of the evidence favorable to the party against whom it is directed. However, this rule has a well-recognized corollary that it applies only in the instance of undisputed evidence. See Amorita Milling Co. v. Miller, 99 Okla. 90, 225 P. 918. In that case, it is said that such a motion "does not relieve a trial judge of the duty of determining, in the absence of conflicting evidence, whether or not a cause of action has been established, or of directing a verdict . . . in the absence of such conflicting evidence. . . ." See 64 C. J. § 438, p. 457, and annotations, and Davis v. Wallace, 169 Okla. 497, 37 P. 2d 602, and cases cited therein.

There being no conflict in the evidence introduced by the plaintiff or the defendant, and it being clear from the exhibits introduced by the defendant that there was an accord and satisfaction, we are of the opinion that the trial court correctly sustained the defendant's plea and rendered judgment for the defendant.

The judgment of the trial court is affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, WELCH, HURST, and ARNOLD, JJ., concur. RILEY and DAVISON, JJ., absent.