**B. W. BARNETT, Plaintiff in Error,**

v.

**Reginold WILLIAMS, Defendant in Error.**

No. 37273.

Supreme Court of Oklahoma.

May 14, 1957.

Rehearing Denied June 18, 1957.

Arnett & LeForce, By Ed R. LeForce, Idabel, for plaintiff in error.

Ed Shipp, Idabel, for defendant in error.

PER CURIAM.

This action was brought by Reginold Williams, here defendant in error, against B. W. Barnett, plaintiff in error, to recover $1,682.25, with interest and attorney fees, and for foreclosure of a chattel mortgage. The cause was tried to a jury; and, from a verdict and judgment thereon in the plaintiff's favor in the amount sued for, the defendant Barnett appeals. For convenience we shall refer to the parties as they appeared in the trial court.

The issues stem from a contract for the sale of 4,500 bales of hay. Under an oral agreement, plaintiff agreed to sell defendant the hay at $1 per bale, to be hauled from plaintiff's barn in Idabel. Defendant gave a promissory note for $4,500, secured by a mortgage upon his truck and trailer. The note was in the form used for installment payments and provided for "a final installment" of $4,500, on April 1, 1954. The mortgage in the usual chattel mortgage form, had added therein the following: "To guarantee payment of 4500 bales of hay at $1.00 per bale located in barn in Lot 2 Block 14 original town of Idabel & owned by Reginold Williams. Hay to be paid for as hauled and receipts to be given until full amount of this mortgage is paid." The note and mortgage were dated November 25, 1953.

The defendant hauled 755 bales of hay from the barn in November, or December, and paid therefor the sum of $755. No more hay was taken by defendant, and plaintiff sold the remainder at varying prices per bale, crediting defendant with the amount received, leaving the balance sued for as the difference between the amount credited and the contract price of $4,500.

The issues were joined on plaintiff's petition seeking recovery of the balance alleged to be due on the note and for foreclosure of the mortgage; by defendant's answer thereto alleging the note and mortgage to be one contract; and evidence of the contract for sale of the hay under the terms of the mortgage providing that the hay should be paid for as taken from the barn; that said hay was guaranteed of certain weight and quality which it had not met; that defendant had not received the hay, the value of which was sued for; and that by breach of the contract by plaintiff in failing to furnish hay of the guaranteed weight and quality, there was no liability.

Evidence was presented on plaintiff's behalf to sustain his theory of right of recovery on defendant's alleged breach of the contract by repudiation thereof, and plaintiff's resulting privilege of resale of the hay and recovery of such balance as might remain. Defendant testified that after taking

a load of the hay to neighboring states for sale and learning that the bales were light in weight and otherwise unsatisfactory for sale, he had, immediately upon his return to Idabel, advised plaintiff that he "wasn't going to have anything more to do with the hay", and would not get any more of it. While proof or admission in evidence of facts sufficient to justify the jury in finding a repudiation of the contract by defendant was necessary to sustain plaintiff's theory of recovery, the statement of defendant was also consistent with his rights in accordance with his theory of the case.

■ Defendant's argument on appeal is based upon two stated points. The first is in effect that when plaintiff, as vendor, re-possessed himself of the hay, on which he had no lien, and sold it without notice, his action was that of election to rescind the contract, barring recovery on the note and mortgage contract. The second was that, if the sale was absolute, and completed, at the time of the making of the note and mort-gage, then plaintiff's sale of defendant's hay constituted a conversion, rendering plain-tiff liable for the value thereof.

From our review of the record of this case we find that the evidence reasonably tends to establish plaintiff's theory, that is, that plaintiff and defendant entered into a contract for the sale of the hay, to be called for and hauled away by defendant, with payment on delivery at $1 per bale, which arrangement of sale should be completed by April 1, 1954, when payment in full should have been made, secured by the mortgage upon defendant's truck; that defendant re-pudiated the contract shortly after its incep-tion, and plaintiff proceeded to resell the hay at such prices as he was able to obtain.

■ It is maintained in support of the judgment of the trial court that, under the facts of this case, plaintiff's right of recov-ery is well defined under previous decisions of this court, citing Guthrie Mill & Elevator Co. v. Thompson & Gibson, 89 Okl. 173, 214 P. 716; Gaines Bros. & Co. v. Citizens' Bank of Henryetta, 84 Okl. 265, 204 P. 112; Magna Oil & Refining Co. v. Parkville Oil

Corp., 96 Okl. 157, 221 P. 65; Protzman v. Rock, 101 Okl. 170, 224 P. 495.

■ The general holding of the cited cases, including the later case of Riedt v. Winters Drug Co., 191 Okl. 264, 128 P.2d 1008, where breach by refusal to accept goods under a contract of sale is established, is stated in the second syllabus of Gaines Bros. & Co. v. Citizens' Bank of Henryetta, supra, and repeated in the Guthrie Mill & Elevator Co. case, supra, as follows [89 Okl. 173, 214 P. 717]:

> "A resale of property is but the mere means of determining the precise amount of damages by the breach, while the incidental effect is to satisfy the loss 'suffered by the vendor to the extent of the proceeds from the resale. The resale may be made at public auc-tion or privately, and it often happens that the goods can best be sold at pri-vate sale; but whether in the one mode or the other, in the absence of any in-structions from the buyer, the vendor has the right to exercise his discretion within reasonable bounds, and whether this discretion is exercised properly and in good faith are questions of fact for the jury."

■ Under the evidence offered in sup-port of the opposing theories, conflicting, except as indicated, the trial court instruct-ed the jury in substance that if it found plaintiff had made certain representations as to the weight and quality of the hay, which defendant had relied upon in enter-ing the contract of purchase, and the hay did not meet such representations, it should find for defendant, however, if it found from the evidence that defendant breached the contract by failure and refusal to re-move the hay, then it was the duty of plain-tiff to sell the hay at the then best price he could obtain, and credit to the account of the defendant, and in selling the hay plain-tiff should use the same care as any ordinary prudent person should use under the same circumstances. The measure of damages in event of recovery to plaintiff was stated to be the difference between the money ac-

tually received for the hay and the contract price.

The instructions as given were sufficient to cover the issues raised and were adequate for a just and proper determination of the issues, which were in the absence of a finding of warranty or guarantee on plaintiff's part, determined by the rules of the cases cited above. There being ample evidence to support the recovery to plaintiff, there was no error.

Affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford, and approved by Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.