No. 18,303.

RUBY SCHWEIZER *v.* AMALGAMATED BUTCHER WORKMEN
OF NORTH AMERICA, LOCAL NO. 641, ET AL.
(347 P. [2d] 516)

Decided December 7, 1959.

Messrs. GELT & GROSSMAN, Mr. MARVIN DANSKY, for
plaintiff in error.

Messrs. HORNBEIN & HORNBEIN, Mr. ROY O. GOLDIN, for
defendants in error.

*In Department.*

212

Opinion by MR. JUSTICE SUTTON.

PLAINTIFF was hired as an office employee of Local 641 of the Amalgamated Butcher Workmen of North America on February 9, 1953. During her course of employment she became a member of the Office Employees International Union, Local No. 5, which entered into a collective bargaining agreement with the Butcher Workmen specifying the terms of plaintiff's employment. One such provision was "The Employer has the right to discharge and/or lay off employees for sufficient and reasonable cause." Pursuant to this provision plaintiff's employer discharged her on September 3, 1954.

On May 17, 1955, plaintiff commenced the instant action in which she alleged that she had been "unjustly discharged" and sought damages of $1383.70 for back salary for her net loss for the unexpired term of her contract as well as an additional $453.40 for alleged "Rest Periods for which plaintiff has never been compensated," for "Sick Leave" and for "Premium Pay for work done over and above plaintiff's regular duties."

At the close of the plaintiff's case, the trial court granted defendants' motion for a directed verdict. The oral findings of the court, which appear in the record, disclose that this motion was granted for two separate reasons:

1. That certain affirmative defenses pleaded by the defendants had been conclusively established by the evidence presented by plaintiff's witnesses, such evidence consisting of testimony brought out on direct and cross examination.

2. That none of the testimony before the court sustained the allegation that plaintiff had been unjustly discharged.

Plaintiff urges that the court erred in directing a verdict, asserting that the evidence adduced established a *prima facie* case, citing 56 C.J.S. 454, §53, *Master and Servant*. She then asserts that the defendants were re-

quired to move forward with their evidence, and that the court incorrectly considered evidence adduced on plaintiff's case in chief in arriving at its decision that the defendants' affirmative defenses had been established.

It is also urged that the court abused its discretion in refusing to reopen the case and hear evidence going to the affirmative defenses of defendants.

 Upon the record before us we think plaintiff is mistaken about the application of the rule set out in 56 C.J.S., supra. That rule not only required her to prove her employment contract but also required her to prove the employer's breach thereof and the latter she did not do. A review of the testimony of plaintiff's witnesses, the pertinent parts of which are detailed below, conclusively establish that plaintiff not only failed to prove the allegations of her amended complaint, but affirmatively established:

1. That she had a full and fair hearing before the Board which found her discharge was proper; and

2. That she had compromised and settled her differences with the defendants.

The evidence discloses that a hearing was had before the executive board of the defendant union as alleged. At this hearing plaintiff was present in person, testified and was also represented by the business representative of her own union, a Mr. Lee Tarien. In the present action plaintiff herself testified that she had agreed to abide by the decision of the board. Mr. Tarien testified that plaintiff's case had been presented as best it could be, that he didn't feel that he or plaintiff were "squelched"; that the hearing was "fair"; that everyone had agreed to go along with the decision of the board; that the decision had been reached by secret vote; that this vote had been close, 9 to 6; and that at the time plaintiff was satisfied. Additional testimony of plaintiff's witnesses corroborated Mr. Tarien's account of the proceeding and nowhere in the record is there any evi-

dence to indicate that the hearing was unfair to plaintiff.

One of the members of the executive board testified that he had voted in favor of plaintiff. When further asked if he felt that plaintiff had received a fair hearing, he stated that he did not know whether the hearing was fair or unfair, as he had never seen a similar proceeding. However, the remainder of his testimony disclosed that the procedures adopted by the executive board were entirely consistent with the requirements of a full and fair hearing. There is no evidence of record to disclose coercion, undue influence, or any other impropriety. On the contrary, the evidence discloses that plaintiff, feeling that she could get a fair and impartial hearing before the executive board of the defendant union, asked to have her claim of unreasonable discharge submitted to that board, that the hearing was in fact fair and impartial, and the decision of the board that she had been justly discharged was reasonable under the circumstances.

The evidence before the trial court also showed conclusively and undisputedly that at the suggestion of the hearing board plaintiff and the defendant union had further met to see if some additional adjustment should be made on vacation, sick and severance pay and that this had been done; that both plaintiff and the union had agreed on the sum of $100.45 for these items, and that the union had then paid said sum by its check which plaintiff held and did not cash. This was in addition to severance pay already paid plaintiff at the time of her discharge when she had been asked to compute whatever she had coming and it would be paid her. At that time she had computed her claims, drawn checks therefor, and the union represented by the two individual defendants had signed them. These checks she had cashed.

It thus can be said that plaintiff's evidence adduced at the trial positively established that she had not been improperly discharged, and further that she had been

fully paid and had compromised and settled all disputed claims and demands against the defendants.

The question is then, was the trial court justified in granting defendants' motion for a directed verdict based upon such evidence? We answer this in the affirmative.

Here there was no dispute in the evidence as to the discharge or payments made.

■ A review of the evidence in the light most favorable to the plaintiff does not present any question upon which the minds of reasonable men might differ. The evidence before the trial court completely negatived the allegations of plaintiff's amended complaint, and having failed in her proof the trial court was correct in directing a verdict for the defendants at the close of plaintiff's evidence. See 88 C.J.S. 669, §257, *"Trial,"* and *R. J. Bearings Corp. v. Warr* (1943), 192 Okla. 133, 134 P. (2d) 355.

It is urged here for the first time that the board hearing was unfair, but plaintiff's amended complaint made no such allegation and her evidence below negatives the claim. In any event it cannot be raised for the first time on writ of error.

We find nothing in this record to support plaintiff's assertion that the trial court abused its discretion in denying plaintiff's motion to reopen her case. There being no other substantial allegations of error, the judgment is affirmed.

MR. CHIEF JUSTICE KNAUSS and MR. JUSTICE HALL concur.